Dec. 6, 2017 2:31PM

No. 5564 CP. 2

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

Mark Leo

v. (Name all parties)

Donzell Jones and BNX, LLC. an Indiana LLC.

No. _____

BNX, LLC
7624 Huguenard Road
Fort Wayne, IN 46818

## ⊙ SUMMONS ○ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

⊙ **Richard J. Daley Center**, 50 W. Washington, Room 801, Chicago, Illinois 60602

○ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

○ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

○ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 59586
Name: ANGELINI & ORI, LLC
Atty. for: PLAINTIFF
Address: 155 N. MICHIGAN AVE., SUITE 400
City/State/Zip: CHICAGO, IL 60601
Telephone: 312-621-0000

WITNESS, NOV 2 7 2017

DOROTHY BROWN
Clerk of Court CIRCUIT COURT

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be [accepted]

**EXHIBIT A**

RECEIVED 12-06-'17 15:26 FROM- TO- AIFE

P0002/0009

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARK LEO,

    Plaintiff,

v.

DONZELL JONES, and BNX, LLC, an
Indiana Limited Liability Corporation

    Defendants.

File No. _____

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MARK LEO, by and through his attorneys, ANGELINI & ORI, LLC, and complaining of the Defendant, DONZELL JONES, and BNX, LLC, an Indiana Limited Liability Corporation, alleges and says as follows:

### COUNT I NEGLIGENCE – DONZELL JONES

1. That on April 17, 2017, and at all times relevant, Plaintiff, MARK LEO, was a resident of the City of Roselle, County of DuPage, and State of Illinois.

2. That on April 17, 2017, and at all times relevant, Defendant, DONZELL JONES, was a resident of the City of Beloit, County of Rock, and State of Wisconsin.

3. That on April 17, 2017, and at all times relevant, Lake Street (US Route 20) was a public way running in an easterly and westerly direction at or near its intersection with Swift Road, a public way running in a northerly and southerly direction in the City of Roselle, County of DuPage, and State of Illinois.

4. That at the time and place aforesaid, Plaintiff, MARK LEO, was operating a vehicle in an eastbound lane on Lake Street at or near its intersection with Swift Road.

5. That at the time and place aforesaid, Defendant, DONZELL JONES, was operating a

vehicle in an eastbound direction on Lake Street, at or near its intersection with Swift Road.

6. That at the time and place aforesaid, the motor vehicle operated and controlled by Defendant, DONZELL JONES, was traveling eastbound on Lake Street and failed to slow and stop for traffic positioned at or near the intersection of Noble Street and Swift Street, causing it to collide with the rear of the motor vehicle in which Plaintiff, MARK LEO, was situated.

7. That at the time and place aforesaid, the vehicle operated by Plaintiff, MARK LEO, was struck suddenly and unexpectedly by the motor vehicle operated by Defendant, DONZELL JONES.

8. That at all times herein referred to, it was the duty of Defendant, DONZELL JONES, to exercise a reasonable degree of care and caution in the operation and control of said motor vehicle in order to avoid coming into contact with the vehicle operated by Plaintiff, MARK LEO.

9. That at the time and place aforesaid, the motor vehicle operated and controlled by Defendant, DONZELL JONES, struck the vehicle operated by Plaintiff, MARK LEO and as a direct and proximate result of the negligence of Defendant, DONZELL JONES, Plaintiff, MARK LEO, was severely injured as will be specifically alleged hereinafter.

10. That at the time and place aforesaid, not withstanding his aforesaid duties, Defendant, DONZELL JONES, was then and there guilty of one or more of the following wrongful acts and/or omissions:

   a. Carelessly and negligently failed to obey the instructions of the official traffic-control device, in violation of 625 ILCS 5/11-305.

2

  b. Carelessly and negligently failed to give audible warning of the approach of said motor vehicle with proper signaling, although such warning was reasonably necessary to insure safe operation of said vehicle, in violation of 625 ILCS 5/12-601;

  c. Carelessly and negligently failed to stop the automobile in time to avoid hitting Plaintiff, although he saw or should have seen that it was impending and had ample time and opportunity to avoid it;

  d. Carelessly and negligently operated, maintained, and controlled said motor vehicle so that as a direct and proximate result thereof, Plaintiff was seriously injured;

  e. Carelessly and negligently operated, maintained and controlled said motor vehicle without keeping a safe and proper lookout;

  f. Carelessly and negligently failed to reduce the speed at which he operated the motor vehicle so as to avoid hitting Plaintiff;

  g. Carelessly and negligently drove said motor vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301.

  h. Carelessly and negligently failed to exercise due care to avoid colliding with Plaintiff operating his vehicle in violation of 625 ILCS 5/11-1003.1;

  i. Carelessly and negligently otherwise acted and/or failed to act.

11. That as a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of Defendant, DONZELL JONES, Plaintiff, MARK LEO, then and there sustained severe and permanent injuries, sustained serious aggravations to pre-existing injuries and ailments, and will in the future suffer great pain and discomfort, all of which has and will prevent him from attending to his ordinary affairs and duties, and lost and will in the future lose great gains which he otherwise would have made and acquired, and has caused him to become liable for substantial sums for medical care and services.

WHEREFORE, Plaintiff, MARK LEO, asks for judgment against, Defendant,

RECEIVED 12-06-'17 15:26   FROM-    TO-   AIFE    P0005/0009

DONZELL JONES, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this suit.

## COUNT II NEGLIGENCE – BNX, LLC

1. That on April 17, 2017, and at all times relevant, Plaintiff, MARK LEO, was a resident of the City of Roselle, County of DuPage, and State of Illinois.

2. That on April 17, 2017, and at all times relevant, Defendant, BNX, LLC, was an Indiana corporation conducting business in the County of DuPage, State of Illinois.

3. That at all times relevant hereto, Defendant, DONZELL JONES, was acting as an agent and/or employee of Defendant, BNX, LLC.

4. That on April 17, 2017, and at all times relevant, Lake Street (US Route 20) was a public way running in an easterly and westerly direction at or near its intersection with Swift Road, a public way running in a northerly and southerly direction in the City of Roselle, County of DuPage, and State of Illinois

5. That at the time and place aforesaid, Plaintiff, MARK LEO, was operating a vehicle in an eastbound direction on Lake Street at or near its intersection with Swift Road.

6. That at the time and place aforesaid, Defendant, BNX, LLC, through its agent, Defendant, DONZELL JONES, was operating a vehicle in an eastbound direction on Lake Street, at or near its intersection with Swift Road.

7. That at the time and place aforesaid, the motor vehicle operated and controlled by Defendant, BNX, LLC, through its agent, Defendant, DONZELL JONES, was traveling eastbound on Lake Street and failed to slow and stop for traffic positioned at or near the intersection of Swift Road and Lake Street, causing it to collide with the rear of the motor vehicle in which Plaintiff, MARK LEO, was situated.

RECEIVED 12-06-'17 15:26    FROM-                              TO-    AIFE              P0006/0009

8. That at the time and place aforesaid, the vehicle operated by Plaintiff, MARK LEO, was struck suddenly and unexpectedly by the motor vehicle operated by Defendant, BNX, LLC, through its agent, Defendant, DONZELL JONES.

9. That at all times herein referred to, Defendant, BNX, LLC, owned and maintained the vehicle operated by Defendant, DONZELL JONES, and was responsible for the ownership and maintenance of the vehicle.

10. That at the time and place aforesaid, not withstanding their aforesaid duties, Defendant, BNX, LLC, through its agent, Defendant, DONZELL JONES, was then and there guilty of one or more of the following wrongful acts and/or omissions:

    a. Carelessly and negligently failed to see and observe Plaintiff's motor vehicle when it could and should have been seen and observed;

    b. Failed to maintain proper control of the vehicle to avoid colliding with other vehicles on the roadway;

    c. Operated said vehicle at an extremely high rate of speed showing an utter indifference and/or conscious disregard for the safety and property of others;

    d. Carelessly and negligently failed to properly approach a stop intersection, stop at a clearly marked line or at the point nearest the intersecting roadway in violation of 625 ILCS 5/11-904;

    e. Carelessly and negligently drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;

    f. Carelessly and negligently drove said vehicle without performing proper safety checks to ensure the vehicle was in proper working order and could be driven safely upon public ways;

    g. Carelessly and negligently otherwise acted and/or failed to act.

11. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, BNX, LLC, through its agent, Defendant, DONZELL JONES, Plaintiff, MARK LEO, then and there sustained severe and permanent injuries,

RECEIVED 12-06-'17 15:26    FROM-                                TO-    AIFE                         P0007/0009

sustained serious aggravations to preexisting injuries and ailments, and will in the future suffer great pain and discomfort, all of which had and will prevent him from attending to his usual duties and affairs and lost and will in the future lose great gains which he otherwise would have made and acquired and has caused him to be liable for substantial sums for medical care and services.

WHEREFORE Plaintiff, MARK LEO, asks for judgment against Defendant, BNX, LLC, an Indiana corporation, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit.

Respectfully submitted,

By /s/ [signature]

One of his Attorneys

Alex D. Abate
ANGELINI & ORI, LLC
155 N. Michigan Ave.; Suite 400
Chicago, IL 60601
(312) 621-0000
Atty. No.: 59586

6

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

MARK LEO,

    Plaintiff,

v.

DONZELL JONES and BNX, LLC, an Indiana Limited Liability Corporation

    Defendants.

File No. _____

## AFFIDAVIT

I, ALEX D. ABATE, being first duly sworn on oath, depose and state that if I were called upon to testify, I would do so as follows:

1. That I am an attorney at law licensed to practice in the State of Illinois.

2. That I am an attorney with the law firm of ANGELINI & ORI, LLC attorneys of record for the Plaintiff, MARK LEO.

3. That based upon the information available to me at the present time, the total amount of money damages sought in this matter exceeds $50,000.00.

4. That this Affidavit is submitted in compliance with Supreme Court Rule 222(b)

FURTHER, Affiant sayeth not.

_____
ALEX D. ABATE

SUBSCRIBED AND SWORN TO
before me this 27th day
of Nov, 2017

_____
Notary Public

"OFFICIAL SEAL"
NANCY ORI DESALVO
Notary Public, State of Illinois
My Commission Expires 8/4/2018

7