## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

MARK LEO,

                Plaintiff,

    v.

DONZELL JONES, BNX, LLC, an
Indiana Limited Liability Corporation,
C.H. ROBINSON WORLDWIDE, INC.
a Minnesota Corporation,

                Defendants.

Case No. 18-cv-00067

Honorable Judge Harry D. Leinenweber

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, MARK LEO, by and through his attorneys, ANGELINI &

ORI, LLC, and complaining of the Defendants, DONZELL JONES, BNX, LLC, an Indiana

Limited Liability Corporation, and C.H. ROBINSON WORLDWIDE, INC., a Minnesota

Corporation, alleges and says as follows:

### COUNT I NEGLIGENCE – DONZELL JONES

1.      That on April 17, 2017, and at all times relevant, Plaintiff, MARK LEO, was a

resident of the City of Roselle, County of DuPage, and State of Illinois.

2.      That on April 17, 2017, and at all times relevant, Defendant, DONZELL JONES, was

a resident of the City of Beloit, County of Rock, and State of Wisconsin.

3.      That on April 17, 2017, and at all times relevant, Lake Street (US Route 20) was a

public way running in an easterly and westerly direction at or near its intersection

with Swift Road, a public way running in a northerly and southerly direction in the

City of Roselle, County of DuPage, and State of Illinois.

4. That at the time and place aforesaid, Plaintiff, MARK LEO, was operating a vehicle in an eastbound lane on Lake Street at or near its intersection with Swift Road.

5. That at the time and place aforesaid, Defendant, DONZELL JONES, was operating a vehicle in an eastbound direction on Lake Street, at or near its intersection with Swift Road.

6. That at the time and place aforesaid, the motor vehicle operated and controlled by Defendant, DONZELL JONES, was traveling eastbound on Lake Street and failed to slow and stop for traffic positioned at or near the intersection of Noble Street and Swift Street, causing it to collide with the rear of the motor vehicle in which Plaintiff, MARK LEO, was situated.

7. That at the time and place aforesaid, the vehicle operated by Plaintiff, MARK LEO, was struck suddenly and unexpectedly by the motor vehicle operated by Defendant, DONZELL JONES.

8. That at all times herein referred to, it was the duty of Defendant, DONZELL JONES, to exercise a reasonable degree of care and caution in the operation and control of said motor vehicle in order to avoid coming into contact with the vehicle operated by Plaintiff, MARK LEO.

9. That at the time and place aforesaid, the motor vehicle operated and controlled by Defendant, DONZELL JONES, struck the vehicle operated by Plaintiff, MARK LEO and as a direct and proximate result of the negligence of Defendant, DONZELL JONES, Plaintiff, MARK LEO, was severely injured as will be specifically alleged hereinafter.

10. That at the time and place aforesaid, not withstanding his aforesaid duties, Defendant, DONZELL JONES, was then and there guilty of one or more of the following wrongful acts and/or omissions:

a. Carelessly and negligently failed to obey the instructions of the official traffic-control device, in violation of 625 ILCS 5/11-305.

b. Carelessly and negligently failed to give audible warning of the approach of said motor vehicle with proper signaling, although such warning was reasonably necessary to insure safe operation of said vehicle, in violation of 625 ILCS 5/12-601;

c. Carelessly and negligently failed to stop the automobile in time to avoid hitting Plaintiff, although he saw or should have seen that it was impending and had ample time and opportunity to avoid it;

d. Carelessly and negligently operated, maintained, and controlled said motor vehicle so that as a direct and proximate result thereof, Plaintiff was seriously injured;

e. Carelessly and negligently operated, maintained and controlled said motor vehicle without keeping a safe and proper lookout;

f. Carelessly and negligently failed to reduce the speed at which he operated the motor vehicle so as to avoid hitting Plaintiff;

g. Carelessly and negligently drove said motor vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301.

h. Carelessly and negligently failed to exercise due care to avoid colliding with Plaintiff operating his vehicle in violation of 625 ILCS 5/11-1003.1;

i. Carelessly and negligently otherwise acted and/or failed to act.

11. That as a direct and proximate result of one or more of the aforesaid wrongful acts and/or omissions of Defendant, DONZELL JONES, Plaintiff, MARK LEO, then and there sustained severe and permanent injuries, sustained serious aggravations to pre-existing injuries and ailments, and will in the future suffer great pain and discomfort, all of which has and will prevent him from attending to his ordinary affairs and

duties, and lost and will in the future lose great gains which he otherwise would have made and acquired, and has caused him to become liable for substantial sums for medical care and services.

WHEREFORE, Plaintiff, MARK LEO, asks for judgment against, Defendant, DONZELL JONES, for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus the costs of this suit.

## COUNT II NEGLIGENCE – BNX, LLC

1. That on April 17, 2017, and at all times relevant, Plaintiff, MARK LEO, was a resident of the City of Roselle, County of DuPage, and State of Illinois.

2. That on April 17, 2017, and at all times relevant, Defendant, BNX, LLC, was an Indiana corporation conducting business in the County of DuPage, State of Illinois.

3. That at all times relevant hereto, Defendant, DONZELL JONES, was acting as an agent and/or employee of Defendant, BNX, LLC.

4. That on April 17, 2017, and at all times relevant, Lake Street (US Route 20) was a public way running in an easterly and westerly direction at or near its intersection with Swift Road, a public way running in a northerly and southerly direction in the City of Roselle, County of DuPage, and State of Illinois

5. That at the time and place aforesaid, Plaintiff, MARK LEO, was operating a vehicle in an eastbound direction on Lake Street at or near its intersection with Swift Road.

6. That at the time and place aforesaid, Defendant, BNX, LLC, through its agent, Defendant, DONZELL JONES, was operating a vehicle in an eastbound direction on Lake Street, at or near its intersection with Swift Road.

4

7. That at the time and place aforesaid, the motor vehicle operated and controlled by Defendant, BNX, LLC, through its agent, Defendant, DONZELL JONES, was traveling eastbound on Lake Street and failed to slow and stop for traffic positioned at or near the intersection of Swift Road and Lake Street, causing it to collide with the rear of the motor vehicle in which Plaintiff, MARK LEO, was situated.

8. That at the time and place aforesaid, the vehicle operated by Plaintiff, MARK LEO, was struck suddenly and unexpectedly by the motor vehicle operated by Defendant, BNX, LLC, through its agent, Defendant, DONZELL JONES.

9. That at all times herein referred to, Defendant, BNX, LLC, owned and maintained the vehicle operated by Defendant, DONZELL JONES, and was responsible for the ownership and maintenance of the vehicle.

10. That at the time and place aforesaid, not withstanding their aforesaid duties, Defendant, BNX, LLC, through its agent, Defendant, DONZELL JONES, was then and there guilty of one or more of the following wrongful acts and/or omissions:

   a. Carelessly and negligently failed to see and observe Plaintiff's motor vehicle when it could and should have been seen and observed;

   b. Failed to maintain proper control of the vehicle to avoid colliding with other vehicles on the roadway;

   c. Operated said vehicle at an extremely high rate of speed showing an utter indifference and/or conscious disregard for the safety and property of others;

   d. Carelessly and negligently failed to properly approach a stop intersection, stop at a clearly marked line or at the point nearest the intersecting roadway in violation of 625 ILCS 5/11-904;

   e. Carelessly and negligently drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;

f. Carelessly and negligently drove said vehicle without performing proper safety checks to ensure the vehicle was in proper working order and could be driven safely upon public ways;

g. Carelessly and negligently otherwise acted and/or failed to act.

11. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, BNX, LLC, through its agent, Defendant, DONZELL JONES, Plaintiff, MARK LEO, then and there sustained severe and permanent injuries, sustained serious aggravations to preexisting injuries and ailments, and will in the future suffer great pain and discomfort, all of which had and will prevent him from attending to his usual duties and affairs and lost and will in the future lose great gains which he otherwise would have made and acquired and has caused him to be liable for substantial sums for medical care and services.

WHEREFORE Plaintiff, MARK LEO, asks for judgment against Defendant, BNX, LLC, an Indiana corporation, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit.

### COUNT III NEGLIGENCE – C.H. ROBINSON WORLDWIDE, INC.

12. That on April 17, 2017, and at all times relevant, Plaintiff, MARK LEO, was a resident of the City of Roselle, County of DuPage, and State of Illinois.

13. That on April 17, 2017, and at all times relevant, R.H. ROBINSON WORLDWIDE, INC., was a Minnesota corporation conducting business in the County of DuPage, State of Illinois.

14. Defendant C.H. ROBINSON WORLDWIDE, INC. is and was at all times pertinent hereto, a Minnesota corporation, in good standing, engaged in the trucking business, hauling various materials on behalf of others.

6

15. Before and through April 17, 2017, the date of the collision alleged in paragraph 12 of Count III of this Complaint, either Defendant DONZELL JONES and/or BNX, LLC, were agents, servants, and/or employees of Defendant C.H. ROBINSON WORLDWIDE, INC. engaged by Defendant C.H. ROBINSON WORLDWIDE, INC. to transport snack food in the truck that was involved in the collision with the vehicle in which MARK LEO was an occupant.

16. At all times pertinent hereto, Defendant C.H. ROBINSON WORLDWIDE, INC. was engaged in the business of providing trucks and drivers to perform transportation/shipping services for various carriers pursuant to contracts it had with said carriers.

17. Defendant C.H. ROBINSON WORLDWIDE, INC. maintained control over Defendant DONZELL JONES and/or BNX, LLC, by requiring the carrier to provide regular communication and tracking updates through C.H. ROBINSON WORLDWIDE INC. until a shipment was delivered. A carrier was also required to notify C.H. ROBINSON WORLDWIDE, INC. immediately in the event of any delay related to the shipment's pick up and/or delivery. Further, a carrier was required to have a vehicle with satellite, cell-phone and/or other technology capable of frequent two-way communication.

18. All freight billing was submitted to Defendant C.H. ROBINSON WORLDWIDE, INC. and distributed to Defendants DONZELL JONES and/or BNX, LLC.

19. All freight billing was required to be accompanied by an invoice with the Carrier Name and the C.H. ROBINSON WORLDWIDE, INC. Load Number.

7

20. Payments were made by Defendant C.H. ROBINSON WORLDWIDE, INC. to Defendants DONZELL JONES and/or BNX, LLC, through a specific billing process subject to fixed discounts and additional fees.

21. Defendant C.H. ROBINSON WORLDWIDE, INC. required that Defendants DONZELL JONES and/or BNX, LLC keep a daily log documenting the driver, DONZELL JONES's, activity.

22. On the information and belief at all times pertinent hereto, including the date of the collision, Defendant C.H. ROBINSON WORLDWIDE, INC. directed and controlled the Defendants DONZELL JONES and/or BNX, LLC in the performance of the shipment including which freight to pick up, when and where to pick up the freight, and when and where to deliver the materials. These requirements placed substantial restrictions upon the Defendants DONZELL JONES and/or BNX, LLC.

23. The manner in which Defendants DONZELL JONES and/or BNX, LLC carried out their job duties was significantly impacted by the control that C.H. ROBINSON WORLDWIDE, INC. had over their performance.

24. Defendants DONZELL JONES and/or BNX, LLC were acting within the scope of their employment/agency on behalf of their principal, C.H. ROBINSON WORLDWIDE, INC.

25. That at all times relevant hereto, Defendants, DONZELL JONES and/or BNX, LLC, were acting as agents and/or employees of C.H. ROBINSON, INC.

26. That on April 17, 2017, and at all times relevant, Lake Street (US Route 20) was a public way running in an easterly and westerly direction at or near its intersection

8

with Swift Road, a public way running in a northerly and southerly direction in the City of Roselle, County of DuPage, and State of Illinois

27. That at the time and place aforesaid, Plaintiff, MARK LEO, was operating a vehicle in an eastbound direction on Lake Street at or near its intersection with Swift Road.

28. That at the time and place aforesaid, Defendant, C.H. ROBINSON WORLDWIDE, INC., through its agents Defendants BNX, LLC, and/or DONZELL JONES, was operating a vehicle in an eastbound direction on Lake Street, at or near its intersection with Swift Road.

29. That at the time and place aforesaid, the motor vehicle operated and controlled by Defendant, C.H. ROBINSON WORLDWIDE, INC., through its agents Defendants BNX, LLC, and/or DONZELL JONES, was traveling eastbound on Lake Street and failed to slow and stop for traffic positioned at or near the intersection of Swift Road and Lake Street, causing it to collide with the rear of the motor vehicle in which Plaintiff, MARK LEO, was situated.

30. That at the time and place aforesaid, the vehicle operated by Plaintiff, MARK LEO, was struck suddenly and unexpectedly by the motor vehicle operated by Defendant, C.H. ROBINSON WORLDWIDE, INC., through its agents Defendants BNX, LLC, and/or DONZELL JONES.

31. On the aforementioned date, the Defendant C.H. ROBINSON WORLWIDE, INC., by and through its employees, agents and/or servants, DONZELL JONES and/or BNX, LLC, was then and there guilty of one or more of the following careless, negligent and improper acts and/or omission:

   a. Carelessly and negligently failed to see and observe Plaintiff's motor vehicle when it could and should have been seen and observed;

9

b. Failed to maintain proper control of the vehicle to avoid colliding with other vehicles on the roadway;

c. Operated said vehicle at an extremely high rate of speed showing an utter indifference and/or conscious disregard for the safety and property of others;

d. Carelessly and negligently failed to properly approach a stop intersection, stop at a clearly marked line or at the point nearest the intersecting roadway in violation of 625 ILCS 5/11-904;

e. Carelessly and negligently drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301;

f. Carelessly and negligently drove said vehicle without performing proper safety checks to ensure the vehicle was in proper working order and could be driven safely upon public ways;

g. Carelessly and negligently otherwise acted and/or failed to act.

32. As a direct and proximate result of one or more of the aforementioned negligent acts or omissions by Defendant, C.H. ROBINSON WORLDWIDE, INC., through its agents Defendants BNX, LLC, and/or DONZELL JONES, Plaintiff, MARK LEO, then and there sustained severe and permanent injuries, sustained serious aggravations to preexisting injuries and ailments, and will in the future suffer great pain and discomfort, all of which had and will prevent him from attending to his usual duties and affairs and lost and will in the future lose great gains which he otherwise would have made and acquired and has caused him to be liable for substantial sums for medical care and services.

WHEREFORE Plaintiff, MARK LEO, asks for judgment against Defendant, C.H. ROBINSON WORLDWIDE, INC., a Minnesota Corporation, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of this suit.

Respectfully submitted,

By: _____

One of his Attorneys

Alex D. Abate
ANGELINI & ORI, LLC
155 N. Michigan Ave.; Suite 400
Chicago, IL 60601
(312) 621-0000
ARDC No.: 6280762

11